# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JUMBO SHIPPING V.o.F, | ) |
| | ) Case No. _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **COMPLAINT FOR BREACH OF** |
| | ) **CONTRACT, REPLEVIN** |
| SEVEN SEAS YACHT TRANSPORT, INC., | ) |
| SEVEN SEAS SPIRIT, INC. and DMITRY | ) |
| FARBER, | ) **THE AMOUNT OF THE DEMAND IN** |
| | ) **THIS ACTION IS OVER $75,000** |
| Defendants. | ) |
| | ) |

Plaintiff JUMBO SHIPPING V.o.F,, by and through its undersigned attorneys, as and for its Complaint against Defendants SEVEN SEAS YACHT TRANSPORT, INC., SEVEN SEAS SPIRIT, INC. and DMITRY FARBER alleges as follows:

## Nature of Action

1. This is an action to recover money damages and recover possession of personal property based upon Defendant's breach of a commercial note and security agreement.

## Parties

2. Plaintiff, JUMBO SHIPPING V.o.F ("Plaintiff" or "Jumbo") is a foreign corporation which maintains its principal place of business in at Havenstraat 23, 3115 HC Schiedam, The Netherlands.

3. Defendant, SEVEN SEAS YACHT TRANSPORT, INC. ("Yacht Transport"), is a Florida corporation which maintains its principal place of business at 1851 NE 146th Street Miami, FL 33181.

8391126v.1

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 2100 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIIMILE (305) 579-0261

4. Defendant, SEVEN SEAS SPIRIT, INC. ("Seven Seas"), is a Florida corporation which maintains its principal place of business at 1851 NE 146th Street Miami, FL 33181.

5. Defendant, Dmitry Farber ("Farber") is a citizen of the State of Florida with a residence located at 3131 NE 188th Street, Unit 1-1007 Aventura, FL. Defendants Yacht Transport, Seven Seas and Farber are collectively referred to herein as "Defendants."

## Jurisdiction and Venue

6. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(2) because it involves diverse parties and an amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs.

7. Venue of this action in the United States District Court for the Southern District of Florida is proper under 28 U.S.C. § 1391(b) in that it is the District where Defendants reside and where a substantial part of the events giving rise to this action occurred.

## Background Facts

8. On or about June 9, 2020, Defendants executed and delivered to Jumbo a commercial promissory note ("Note") evidencing an obligation to pay Jumbo the principal amount of four hundred eighty one thousand five hundred 00/100 dollars, ($481,500.00), together with interest thereon.

9. On that same day, June 9, 2020, Defendants also executed and delivered a security agreement ("Security Agreement") to Jumbo for the purpose of securing payment of the indebtedness set forth in the Note. Under the Security Agreement, Defendants granted Jumbo a continuing first priority security interest in all personal and intangible property of the Defendants. Collectively, the Note, Security Agreement and filed UCC-1 Financing Statements are referred to

2
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 2100 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIIMILE (305) 579-0261

8391126v.1

herein as the "Loan Documents," true and correct copies of which are annexed hereto as **Exhibit A**.

10. The Loan Documents were entered into at the request of Defendants to effectuate an ocean transport by Jumbo of Defendants' cargo from Port Everglades, Florida to Fethiye, Turkey (the "Transport").

11. Pursuant to the Loan Documents, the first installment payment of $100,000.00 was due on June 9, 2020. Thereafter, consecutive monthly payments in the amount of $31,792.00 became due starting July 9, 2020, until paid in full. *Id*.

12. The Loan Documents state that Defendants will be in default if they do not pay the full amount of each monthly payment on the date it is due. In such an event, at the option of Jumbo, the full amount due under the Loan Documents, including principal, interest, late charges and attorneys' fees, shall be immediately due and payable without notice of demand.

13. Defendants defaulted under the Loan Documents by failing to make the monthly installment payment due on July 9, 2020, and by failing to make all subsequent monthly installment payments due thereafter. Defendants also defaulted under the Loan Documents by failing to provide Jumbo with information concerning the collateral pledged as security for the loan as demanded.

14. Although not required to do so, on June 20, 2020, Jumbo sent a notice of default to each defendant for their failure to make timely payments pursuant to the Loan Documents and provided ten (10) days to cure said default (the "Notice of Default"), a true and correct copy of which is annexed hereto as **Exhibit B**. Additionally, pursuant to paragraph 11 of the Security Agreement, the Notice of Default also demanded a list of all outstanding invoices and accounts

3
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 2100 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIIMILE (305) 579-0261

8391126v.1

receivable owed to Defendants. *Id*. To date, Defendants have not cured the payment defaults, nor responded to the Notice of Default.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

15. Jumbo hereby realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 to 14 as if fully set forth herein.

16. Defendants have wrongfully refused to pay the monthly installments due under the Loan Documents.

17. As a result of this non-payment, Defendants have breached the terms and conditions of the Loan Documents.

18. Defendants have also breached the terms and conditions of the Loan Documents by failing to provide Jumbo with the information demanded as to the secured collateral.

19. Jumbo has fully complied with all of its obligations under the Loan Documents.

20. As a result of Defendant's breach under the Loan Documents, Jumbo has been damaged in the sum of $381,500.00 plus interest, late charges, attorneys' fees and costs.

**WHEREFORE**, Plaintiff JUMBO SHIPPING V.o.F, hereby demands that a judgment be entered against Defendants SEVEN SEAS YACHT TRANSPORT, INC., SEVEN SEAS SPIRIT, INC. and DMITRY FARBER, jointly and severally, in the amount of $381,500.00, together with late fees and pre- and post-judgment interest thereon, and an award of the fees, costs and expenses incurred by Jumbo herein, and such other, further, and different relief as this Court may deem just and proper.

4
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 2100 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIIMILE (305) 579-0261

8391126v.1

## AS AND FOR A SECOND CAUSE OF ACTION
### (<u>Replevin</u>)

21.     Jumbo hereby realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 to 20 as if fully set forth herein.

22.     The Security Agreement provides Jumbo with a first priority security interest in all property of Defendants, now owned or hereafter acquired, including all Inventory, Accounts, Chattel Paper, Furniture, Equipment, Machinery, Deposit Accounts, General Intangibles, Software, Instruments and Documents.  *See* Exhibit A, Security Agreement at p.1.

18.     Additionally, the Security Agreement also provides Jumbo with a first priority security interest in the following non-exclusive list of property:  (i) "1985 Aldura Trailer (lowboy) for boat hauling" with a market value claimed by Defendants in the amount of $15,000; (ii) "Gear" with a market value claimed by Defendants in the amount of $204,632; (iii) "2001 Mercedes CL500 (custom)" with a market value claimed by Defendants in the amount of $20,000; and (iv) "2016 Ducati Panigale 959" with a market value claimed by Defendants in the amount of $12,000. *See* Exhibit A, Security Agreement, Schedule 2 (collectively with property described in the preceding paragraph, the "Collateral").

19.     As a result of Defendants defaults under the Loan Documents, Jumbo has a superior ownership interest in the Collateral and thus is entitled to the immediate possession thereof.

20.     To the best of Jumbo's knowledge, information and belief, the value of the Collateral is greater than $200,000.00, and is located in Miami Dade County, Florida.

21.     Upon information and belief, the Collateral has not been taken for any tax assessment or fine pursuant to law, and has not been taken under any execution or attachment

against the Collateral issued by Jumbo.

22. The Collateral is wrongfully detained by Defendants as a result of its breach of the Loan Documents, and therefore Jumbo is entitled to an order and judgment of replevin.

**WHEREFORE**, Plaintiff JUMBO SHIPPING V.o.F, hereby demands that a judgment be entered against Defendants SEVEN SEAS YACHT TRANSPORT, INC., SEVEN SEAS SPIRIT, INC. and DMITRY FARBER, jointly and severally, requiring Defendants to immediately transfer title to and deliver possession of all Collateral to Jumbo, together with an award of the fees, costs and expenses incurred by Jumbo herein, and such other, further, and different relief as this Court may deem just and proper.

Dated: August 17, 2020

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: */s/Anthony P. Strasius*
Anthony P. Strasius
Florida Bar No. 988715
100 SE 2nd Street, Suite 2100
Miami, FL 33131
Telephone: (305) 374-4400
Facsimile: (305) 579-0261
Email: anthony.strasius@wilsonelser.com

Attorneys for Plaintiff

-and-

Mark G. Ledwin, Esq.
(Not Admitted in Florida)
1133 Westchester Avenue
White Plains, NY 10604
Telephone: (914) 323-7000
Facsimile: (914) 323-7001
Email: mark.ledwin@wilsonelser.com

Attorneys for Plaintiff

6
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 2100 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIIMILE (305) 579-0261

8391126v.1

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on August 17, 2020 with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

7
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 2100 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIIMILE (305) 579-0261

8391126v.1